# EXHIBIT "E"

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| In Re Application of N3RVE, LLC | ) |
| *Applicant* | ) |
| | ) Civil Action No. |
| | ) |
| | ) |
| | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        JPMorgan Chase Bank, N.A. c/o CT Corporation System,
111 8th Avenue, 13th Floor, New York, NY 10011.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A attached to this subpeona.

| Place: piwu@diazreus.com | Date and Time: |
|---|---|
| ihernandezperedo@diazreus.com | |
| pcampos@diazreus.com | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

CLERK OF COURT

OR

_____                              /s/ Prince-Alex Iwu
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ____Applicant____
N3RVE, LLC                                                          , who issues or requests this subpoena, are:

Prince-Alex Iwu; 100 Southeast 2nd Street 3400 Miami Tower, Miami, FL 33131; (305)375-9220; piwu@diazreus.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**SCHEDULE A**

**DEFINITIONS**

1.    "You," "Your," and "Chase" refers to JPMorgan Chase Bank, N.A., as well as your representatives, employees, accountants, and/or all persons acting or purporting to act on your behalf.

2.    "Kyung" refers to Kyung Won Yoon, including her agents, representatives, employees, accountants, and/or all persons acting or purporting to act on her behalf.

3.    "Mr. Yoon" refers to Yoon Hong Geun, including his agents, representatives, employees, accountants, and/or all persons acting or purporting to act on his behalf.

4.    "Iliad" refers to Iliad Holdings, LLC, a Wyoming limited liability company, with an address at 19 Irving Dr. Woodbury, New York, US 11797, including its agents, representatives, employees, accountants, and/or all persons acting or purporting to act on its behalf.

5.    "Genesis USA," refers to Genesis BBQ USA, LLC, a New Jersey limited liability company, with an address at 19 Irving Dr. Woodbury, New York, US 11797, including its agents, representatives, employees, accountants, and/or all persons acting or purporting to act on its behalf.

6.    "N3RVE" refers to N3RVE, LLC, a Wyoming limited liability company with its principal place of business in Woodbury, New York, including its agents, representatives, employees, accountants, and/or all persons acting or purporting to act on its behalf.

7.    "Bank of America" refers to Bank of America, N.A., as well as its representatives, employees, accountants, and/or all persons acting or purporting to act on its behalf.

8.    "Subject Funds" refers to the October 11, 2022, wire transfers sent by Kyung through a Bank of America account to Iliad's account at Chase, totaling $1,500,000.00., and to

October 12, 2022, wire transfers sent by Iliad to N3RVE's account at Chase, totaling $1,500,000.00.

9.    "Documents" means, but without limitation: every writing or record of every type and description including those existing in all manner of memory means or devices used in connection with electronic computers or word processors that is or has been in the possession, control or custody, or of which you have knowledge, including without limitation: papers, contracts, correspondence, memoranda, tapes, communications, invoices, accounts, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, photographs, films, videotapes, sound or voice recordings, maps, reports, surveys, minutes, graphs, statistical compilations, charts, calculations, projections, plans, data processing cards, tapes or disks or computer records or printouts; every copy of every such writing or record where the original is not in your possession, custody or control; and every copy of every such writing or record where such copy is not an identical copy of the original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

10.    The phrase "all documents" means every document, as defined above, known to you and every such document that can be located or discovered by reasonably diligent efforts undertaken by you.

11.    "Date" means the exact day, month and year if ascertainable or, if not, the best available approximation (including relationship to other events).

12.    "Communication" includes, without limitation, communications by whatever means transmitted (i.e. whether oral, written, electronic, or other), as well as any note, memorandum or other record thereof.

13.     "Entity" means any individual, firm, partnership, corporation, proprietorship, association, governmental body or any other organization or entity.

14.     "Identify," when used in reference to:

i.     an individual means to state his full name, social security number, present or last known residence address and present or last known position or business affiliation (designating which), job title, employment address and present or last known business and residence telephone numbers, together with a statement as to his present or former relationship with you, if any, and the inclusive dates thereof;

ii.     a firm, partnership, corporation, proprietorship, association, or other organization or entity means to state its full name and present or last known address and telephone number (designating which); and

iii.     a document shall mean to state the date, author, sender, recipient, type of document, (i.e. a letter, memorandum, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian; in the case of documents within your possession, custody, control, or access, whether you will make them available to MFF's attorneys for inspection and/or copying; and in the case of a document that was but is no longer in your possession, custody or control, what disposition was made of it and why.

15.     "Relate" or any permutation thereof, means that which is, constitutes, comprises, discloses, reflects, describes, discusses, concerns, supports, contradicts, or in any other manner touches on.

3

16.    When producing the documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained, and the name of the documents being produced.

17.    If you claim any documents are privileged, for each such document please:

      i.    identify and describe each such document by date, author, and recipient;

      ii.    identify each person, and his or her job title, (other than stenographic or clerical assistance) participating in the preparation of the document;

      iii.    identify each person to whom the contents of the document have been communicated by copy, exhibition, reading or summarization;

      iv.    provide a brief summary of its contents;

      v.    state the privilege or privileges in sufficient detail so that the Court, or other judicial entity, may adjudicate the validity of the claim. You are required to set forth as to any document for which privilege, attorneys' work product or trial preparation materials is claimed: the nature of the privilege claimed, the grounds relied upon for the claim of privilege (with specificity), the person who claims the privilege and whether there has been any waiver of the privilege. If there has been a waiver, provide a detailed description of the circumstances surrounding the waiver; and

      vi.    identify the paragraph of this discovery request to which the document responds.

18.    If you refuse to produce any document responsive in whole or in part to any Request, you must state each specific ground for your refusal. At a minimum, this must include for each document so withheld:

4

     i.       the author(s);

     ii.      the addressee(s) and person(s) copied;

     iii.     the general subject matter of the document;

     iv.     the date of the document; and

     v.      the specific grounds for withholding the document.

19.     If you object to producing any part of any document, you must produce the portions of the document to which you do not object.

20.     If any portion of a document is responsive to this Request, then the entire document shall be produced. Documents produced pursuant to this Request shall be produced in the order in which they appear in your files and shall not be shuffled or otherwise rearranged. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form.

21.     As used herein, unless otherwise indicated, the single shall always include the plural, and the present tense shall always include the past tense, and vice versa.

22.     A masculine, feminine, or neutral pronoun shall not exclude the other genders.

23.     "And" shall mean "or" and "or" shall mean "and" to make the Document Request inclusive rather than exclusive.

24.     These Document Requests are continuing in nature and require amendment or supplementation if you or your attorneys later become aware of facts or documents that indicate that the response previously given was incorrect or incomplete. If you do not have all of the information you need to make a complete response to any Document Request, provide all documents that you do have, state that your information is incomplete, identify the information

5

you would need to make a complete production of documents and provide a supplemental production when you obtain the information necessary to do so.

25.    For all requests, the relevant time period is from **January 1, 2022, to the present**.

## REQUESTS FOR PRODUCTION

1.      All documents, communications, and/or agreements referring to or relating to any bank account owned by Iliad at Chase, including but not limited to: (i) account opening documents, (ii) bank statements, (iii) wire transfers or payment confirmations, and (iv) records identifying the source of funds deposited into, or disbursed from the account(s).

2.      All documents, communications, and/or agreements referring to or relating to any bank account owned by N3RVE at Chase, including but not limited to: (i) account opening documents, (ii) bank statements, (iii) wire transfers or payment confirmations, and (iv) records identifying the source of funds deposited into, or disbursed from the account(s).

3.      All documents and/or communications relating to the transfer of the Subject Funds from Kyung to Iliad.

4.      All documents and/or communications relating to the transfer of the Subject Funds.

5.      All documents and/or communications relating to the transfer of the Subject Funds from Mr. Yoon to Iliad.

6.      All documents and/or communications relating to the transfer of the Subject Funds.

7.      All documents and/or communications relating to N3RVE.

8.

7